UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMATIC LOGISTICS
PRODUCTIVITY IMPROVEMENT
SYSTEMS, LLC a/k/a ALPIS, LLC,

      Plaintiff,

v.

UHY ADVISORS, INC.,

      Defendant.

                             /

Case No. 05-73851

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 19,2006.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

      On May 12, 2005, Plaintiff Automatic Logistics Productivity Improvement Systems,

LLC ("ALPIS") filed suit against UHY Advisors, Inc. ("UHY"), alleging accounting

malpractice.  Because ALPIS had filed for Chapter 11 Bankruptcy protection on April 8,

2004, the complaint was filed in the bankruptcy court (Case No. 05-5205).  On October 6,

2005, UHY moved the Court to withdraw its reference to the bankruptcy court.  On

November 7, 2005, the Court granted Defendant UHY's motion and the case was

reassigned to this Court.  The following motions are before the Court: (1) Defendant's

Motion for Summary Judgment on the Basis of Res Judicata, filed on May 1, 2006; (2)

Defendant's Motion to Exclude Plaintiff's Expert Testimony and Reports Pursuant to

Fed. R. Civ. P. 37(c), and for Summary Judgment on Plaintiff's Accounting Malpractice

Claim, filed on April 28, 2006; (3) Defendant's Motion for Summary Judgment on

Plaintiff's Failure to Proffer Evidence on Breach, Causation and Damages, filed on May

1, 2006; and (4) Plaintiff's Motion for Disqualification of Defendant's Counsel, filed on

May 1, 2006.  The Court heard oral arguments on these motions on June 29, 2006.

## I.    Background

ALPIS is a Michigan limited liability company engaged in the interstate

transportation of goods.  Defendant UHY Advisors MI, Inc. operates a national

accounting firm, UHY Advisors, Inc.  From 1998 through 2003, APLIS retained UHY to

perform accounting services.

### A. The First Action

On November 2, 2003, ALPIS filed suit against UHY (f/k/a Follmer Rudzewicz

Advisors, Inc.) in the Oakland County Circuit Court, which asserted an equitable cause of

action for Accounting against UHY.  According to Plaintiff, at the time it filed its first

action against Defendant, it had no reason to investigate accounting malpractice.  Plaintiff

contends that through the course of discovery in the first action, specifically through the

deposition of Patrick Gregory, a CPA employed by UHY that had worked on ALPIS's

account, ALPIS discovered that Defendant had destroyed certain documents for the years

1999 and 2000.  (Resp. in Opp. to Mot. for Summ. J. on Basis of Res Judicata at 2-3; *see

also id.* at Ex. D, Gregory Dep. at 53).

ALPIS contends that it believed that it had all of the documents within UHY's

possession and agreed to dismiss the equitable suit, which it had only filed to satisfy the

bank's concerns regarding capitalization and financial statements.  On April 30, 2004, the

court entered a Stipulated Order dismissing the complaint with prejudice.

However, Standard Federal Bank was not satisfied with the financial records

produced by ALPIS, and placed ALPIS in forbearance.  On April 8, 2004, ALPIS filed

for Chapter 11 Bankruptcy protection.  ALPIS then retained a new accounting firm,

Boyce, Wright, Pittman, PLLC.

B.  The Second Action

On August 31, 2004, UHY filed suit against Gary Loren White, ALPIS's managing

member, on an individual basis, in the Oakland County Circuit Court.  The complaint was

a collection action regarding a promissory note.  White filed a counter-complaint, alleging

malpractice and fraud.  Following case evaluation, the parties entered into a Stipulation

for Dismissal with Prejudice and without Costs.

C.  The Instant Action

On May 12, 2005, ALPIS filed suit against UHY asserting that UHY committed

accounting malpractice by not accurately depicting accounts, liability accounts, equity

accounts, loss carryovers, and reporting general losses for the corporate entity.  Plaintiff

contends that it "has suffered damages, including but not limited to paying unnecessary

tax obligations as a result of non-reporting of losses by [UHY], costs and expenses to

correct errors and omissions in [ALPIS's] tax records, possible additional tax obligations

with related penalties and interest, consequential damages, and legal fees incurred."

(Compl. ¶11).  In addition, in its responses to Defendant's interrogatories, ALPIS stated:

3

> Damages will be based on the losses that ALPIS incurred as a result of having its bank line of credit terminated as well as Defendant's failure to cooperate with Plaintiff's workout specialists and banking representatives.    Furthermore, Defendant's improper accounting led to Plaintiff overstating its revenues, current assets, and net income.  Said damages will include consequential damages for closure of business as well as loss of business value . . . .

(Def.'s Mot. for Summ. J. on Breach, Causation and Damages, Ex. 3, Interrogs. Nos. 1-7).

## II.    Standard of Review

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some

4

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

### III.   Applicable Law and Analysis

A. Defendant's Motion for Summary Judgment on the Basis of Res Judicata

Defendant contends that both the first and second state court actions bar ALPIS's claims in the instant action. For res judicata to apply, three elements must be satisfied:

(1) the prior action must have been decided on the merits;

(2) the matter contested in the second case was or could have been resolved in the first; and

(3) both actions involve the same parties.

*Energy Reserves, Inc. v. Consumers Power Co.*, 221 Mich. App. 210, 215-16, 561 N.W.2d 854, 859 (1997).

1. The First Action

A voluntary dismissal with prejudice pursuant to stipulation of the parties is a final judgment on the merits for the purposes of a res judicata analysis. *Limbach v. Oakland Bd. of Road Comm'rs*, 226 Mich. App. 389, 392-93, 573 N.W.2d 336 (1997). Moreover, there is no dispute that the parties in the first action are the parties to the instant action.

At issue is whether the matter contested in the instant case could have been resolved in the first action. The Michigan Supreme Court has found that, in analyzing the second

5

prong of the res judicata test, "the determinative question is whether the claims in the

instant case arose as part of the same transaction as did the claims in [the prior case]."

*Adair v. Michigan*, 470 Mich. 105, 119, 680 N.W.2d 386 (2004); *see also SHR Ltd.*

*P'ship v. Swepi LP*, 2006 WL 773022 (6th Cir. Mar. 24, 2006).

 Plaintiff contends that the accounting malpractice action for damages against UHY

could not have been litigated during ALPIS's request for equitable relief in November

2003.  The Court agrees.  First, when ALPIS filed the first action, it was not in

bankruptcy, nor was it insolvent.  Second, at that time, ALPIS had not retained an expert

to review the complete files and had never contemplated such an action.[1]  Rather, ALPIS

was merely seeking to compel UHY to produce accounting records that had been

requested by ALPIS's bank to maintain its line of credit.  Third, even if the accounting

malpractice was discoverable during the first action, ALPIS was not, at that time, in

bankruptcy, and ALPIS had not yet suffered any damages from the alleged accounting

malpractice.

 2.  The Second Action

 The second action was dismissed with prejudice on August 12, 2004, and is

therefore, a final judgment on the merits for res judicata purposes.  *See Limbach*, 229

---

 [1] Plaintiff contends that it did not learn about the alleged accounting malpractice until
2005, when White was involved in the second action with UHY.  Specifically, Plaintiff contends
that Cendrowski, the expert witness White hired to support his individual counter-claim of
accounting malpractice against UHY in the second action, discovered some suspicious findings
at the corporate level.

6

Mich. App. at 392-93, 573 N.W.2d 336. Defendant argues that ALPIS's Complaint in

this case is almost a "mirror-image" of the its complaint in the second action.

However, Plaintiff contends that because ALPIS was in bankruptcy at the time

White filed his counter-complaint, ALPIS could not institute an action against UHY at the

state court level; its only recourse was to bring an action in Bankruptcy Court, which it

did. In fact, during the second action, UHY filed a motion to dismiss White's counter-

complaint, in which Defendant stated:

> 3. Mr. White is an individual who controls ALPIS, a Michigan limited liability
> company. Note that there is one and only one Defendant/Counter-Plaintiff in this
> matter: Mr. White individually. ALPIS is not a party, and none of Mr. White's
> other businesses are a party to this lawsuit.
>
> 4. ALPIS is now in bankruptcy proceedings, and thus UHY did not name ALPIS
> as a party. UHY chose to proceed directly against Mr. White, individually, as it
> is entitled to do under the Promissory Note.

(Pl.'s Resp. to Def.'s Mot. for Summ. J. on Basis of Res Judicata, Ex. E).

Moreover, the instant action involves a different accounting malpractice issue than

the second action. White's malpractice action concerned only his individual tax returns,

which had been prepared by UHY. (See Def.'s Mot. for Summ. J. on Basis of Res

Judicata, Ex. 13, Compl. ¶8). In the instant action, however, ALPIS alleges accounting

malpractice based on corporate accounts. Therefore, Defendant's Motion for Summary

Judgment on the Basis of Res Judicata shall be denied.[2]

---

[2] Defendant argues that although White asserted his claims in the second action as an
individual, because White was in privity with ALPIS, res judicata should bar ALPIS's claims in
the instant action. Under Michigan law, the parties only need to be "in privity" to satisfy the
third prong of the res judicata test. *See Adair*, 470 Mich. at 122. "To be in privity is to be so
identified with another party that the first litigant represents the same legal right that the later
litigant is trying to asset." *Id.* However, because the Court does not believe that Defendant has

B. <u>Defendant's Motion to Exclude Plaintiff's Expert Testimony and Reports, and
for Summary Judgment on Plaintiff's Accounting Malpractice Claim</u>

It is undisputed that Plaintiff filed its expert report late.  Rule 26(a)(2)(C) of the

Federal Rules of Civil Procedure requires a party to disclose the identity of each expert

witness whom it intends to rely upon at trial and a written report prepared and signed by

such expert, "at least 90 days before the trial date or the date the case is to be ready for

trial . . . ."  In this case, trial was set for July/August 2006, and final pretrial was set for

July 11, 2006.  Thus, the expert report should have been submitted to Defendant by April

12, 2006.  However, Defendant did not receive an expert report until June 27, 2006, after

all motions had been briefed, discovery was closed, and the 90-day provision of Fed. R.

Civ. P. 26(a)(2)(C) had passed.

Rule 37(c)(1) provides, in relevant part: "A party that without substantial

justification fails to disclose information required by Rule 26(a) . . . is not, unless such

failure is harmless permitted to use as evidence at trial . . . any witness or information not

so disclosed."  *See also Sommer v. Davis*, 317 F.3d 686, 691-92, 695-96 (6th Cir. 2003)

(enforcing Rule 37(c) and barring plaintiffs' medical expert from testifying, which

resulted in summary judgment on plaintiffs' medical malpractice claim).  Moreover, the

comments to Rule 37(c) state that this is a "self-executing" or "automatic" sanction,

without need for a motion under 26(a)(2)(A).  *See* Advisory Committee Notes to FED. R.

---

shown that the matter contested in the present action "was or could have been resolved" in the
second action, *see Energy Reserves, Inc.*, 221 Mich. App. at 215-16, 561 N.W.2d at 859, the
Court need not address Defendant's privity argument.

8

CIV. P. 37 (1998 Amendments).

Plaintiff, however, argues that substantial justification exists for the late disclosure. According to Plaintiff's expert, Harry Cendrowski, certain non-disclosures prevented him from timely preparing his expert report.  (Pl.'s Resp. to Def.'s Mot. to Exclude, Ex. D, Cendrowski Aff. ¶6).  According to Plaintiff, on April 7, 2006, Cendrowski learned that he did not have a number of documents from Defendant.  Without seeking relief from the 90-day provision in this Court, Plaintiff then waited until May 1, 2006, to bring a motion to compel the production of these documents.  On May 16, 2006, Defendant filed its response to the motion to compel, indicating that there were no additional documents.  On June 8, 2006, a hearing was held before Magistrate Judge Donald A. Scheer.  Following the hearing, the parties agreed to a stipulated order withdrawing Plaintiff's motion to compel because Plaintiff already had all of the documents in its possession.  (Stip. Or. 6/19/06).

In this Court's opinion, Plaintiff has not presented the Court with any compelling justification for the untimely expert report.  At the hearing, counsel for Plaintiff acknowledged that although the expert knew that Defendant did not have any additional documents from Defendant's response to the motion to compel, filed on May 16, 2006, Plaintiff did not submit the expert report to Defendant until June 27, 2006.

At the hearing, Plaintiff asked the Court to impose a lesser sanction and re-open discovery so the Defendant can depose Cendrowski, rather than exclude Cendrowski's report.  Although the exclusion of expert testimony is a harsh sanction, this Court recognizes that "[d]istrict courts have broad discretion to exclude untimely disclosures of

9

expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).

"When a party fails to disclose information in compliance with Rule 26(a)(2), Rule

37(c)(1)…automatically disallows that party from using such expert evidence at trial

unless there was substantial justification for the noncompliance or unless the

noncompliance was harmless." *In re John Richards Homes Building Co.*, 312 B.R. 849,

863 (E.D. Mich. 2004).  Therefore, Defendant's Motion to Exclude Plaintiff's Expert

Testimony and Reports Pursuant to Fed. R. Civ. P. 37(c), and for Summary Judgment as

to Plaintiff's Accounting Malpractice Claim shall be granted.

   C. <u>Defendant's Motion for Summary Judgment on Plaintiff's Failure to Proffer
      Evidence on Breach, Causation and Damages</u>

At the hearing, counsel for Plaintiff acknowledged that all of his evidence regarding

breach, causation, and damages, depends on the expert witness testimony of Cendrowski.

Therefore, Defendant's Motion for Summary Judgment on Plaintiff's Failure to Proffer

Evidence on Breach, Causation and Damages, shall be granted.

Alternatively, Plaintiff's accounting malpractice claim would be dismissed even if

the Court allowed Plaintiff to use the expert report which was not disclosed to Defendant

until June 27, 2006, because counsel for Plaintiff admitted at the hearing that the expert

report does not discuss damages.[3]  Therefore, Plaintiff has failed to point to specific facts

regarding damages in the record and Defendant's Motion for Summary Judgment must be

---

   [3] On July 7, 2006, Plaintiff filed Cendrowski's completed expert reports, which included
a Damage Report.  However, Plaintiff never sought, and the Court did not grant, leave to file
supplemental documents in opposition to Defendant's motions for summary judgment.
Therefore, the Court will not consider the Damage Report.

granted.  *See Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53.[4]

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment on the Basis of

Res Judicata is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Plaintiff's

Expert Testimony and Reports Pursuant to Fed. R. Civ. P. 37(c) and for Summary

Judgment on Plaintiff's Accounting Malpractice Claim is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on

Plaintiff's Failure to Proffer Evidence on Breach of Causation and Damages is

**GRANTED**.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Leavitt, Esq.
David J. Poirier, Esq.

---

[4] Because the Court is granting Defendant's Motions for Summary Judgment, the Court
need not address Plaintiff's Motion for Disqualification of Defendant's Counsel.

11