UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOMATIC LOGISTICS
PRODUCTIVITY IMPROVEMENT
SYSTEMS, LLC a/k/a ALPIS, LLC,

    Plaintiff,                                                Case No. 05-73851

v.                                                       Honorable Patrick J. Duggan

UHY ADVISORS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 17, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                             U.S. DISTRICT COURT JUDGE

Following a hearing on the motions, in an Opinion and Order dated July 19, 2006, this Court granted Defendant's Motion to Exclude Plaintiff's Expert Testimony and Reports Pursuant to Fed. R. Civ. P. 37(c), granted Defendant's for Summary Judgment on Plaintiff's Accounting Malpractice Claim, and alternatively, granted Defendant's Motion for Summary Judgment on Plaintiff's Failure to Proffer Evidence on Damages. On July 31, 2006, Plaintiff filed a Motion for Reconsideration. At the request of the Court, Defendant filed a response to Plaintiff's Motion on August 10, 2006.

Motions for reconsideration are governed by Eastern District of Michigan Local

Rule 7.1(g)(3) which provides:

> (3)   Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled."  E.D. MICH. L.R. 7.1(g)(3).  Instead Petitioner merely presents that same issues already ruled upon by the Court in its Opinion and Order dated July 19, 2006.

First, Plaintiff argues that the Court failed to consider that Plaintiff had substantial justification for late disclosure of its expert's report.  However, the Court already considered and rejected Plaintiff's justification in its Opinion and Order.  (7/19/06 Op. & Or. at 9-10).

Second, Plaintiff contends that it could still establish damages without its expert's report.  Accounting malpractice, like any malpractice claim, requires Plaintiff to establish duty, breach, causation, and damages.  At the hearing, the Court asked counsel for Plaintiff: "Is Mr. Young correct that there is no evidence in the record of damages?"

(6/29/06 Hrg. Tr. at 20).  Counsel for Plaintiff replied: "That's correct, Judge."  (*Id.*).

When ruling on a motion for summary judgment, the Court must look to the record to determine whether material issues of fact exist.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Where, as here, Plaintiff has conceded that there was no evidence in the record before the Court on a critical element of accounting malpractice, summary judgment must be granted in favor of Defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


                                   s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Leavitt, Esq.
David J. Poirier, Esq.